1  **RIMAC & MARTIN**
   **a Professional Corporation**
2  JOSEPH M. RIMAC, ESQ. - SBN 72381
   WILLIAM REILLY, ESQ. - SBN 177550
3  w_reilly@rimacmartin.com
   1051 Divisadero Street
4  San Francisco, California 94115
   Telephone: (415) 561-8440
5  Facsimile:   (415) 561-8430

6  Attorneys for Defendant
   MULTINATIONAL UNDERWRITERS, LLC
7

*FILED*
07 OCT 29 PM 1: 55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                 **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

RS

10  ORIGINAL
11

12  STANFORD HOSPITAL AND CLINICS, a        C07 5497
    California non-profit public benefit corporation )
13                                                )   Case No.
                                                  )
14                Plaintiff,                       )
                                                  )   **NOTICE OF REMOVAL OF CIVIL**
15       vs.                                       )   **ACTION TO UNITED STATES**
                                                  )   **DISTRICT COURT**
16  MULTINATIONAL UNDERWRITERS, INC. a            )
    for profit corporation; and DOES 1 through 25, )
17  inclusive,                                     )
                                                  )
18                Defendants.                      )
    _____ )

19  **TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN**

20  **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS ATTORNEYS OF**

21  **RECORD:**

22       PLEASE TAKE NOTICE that defendant MULTINATIONAL UNDERWRITERS, LLC

23  ("MNU") (erroneously sued herein as "Multinational Underwriters, Inc."), hereby removes the

24  above-entitled civil action from the Superior Court of the State of California, City and County of

25  Santa Clara, Case No. 167 CV 091825, to the United States District Court, Northern District of

26  California.

27       This case is being removed pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*

28  / / /

**NOTICE OF REMOVAL**                              1

1    Defendant states that removal is proper for the following reasons:

2        1.     On or about August 3, 2007, there was filed in the Superior Court of the State of

3    California, for the City and County of Santa Clara, the above-entitled civil action bearing Case

4    No. 167 CV 091825, in the records and files of that court. MNU first received notice of this

5    action on October 9, 2007. Thirty days have not expired since defendants received such notice.

6                                          **VENUE**

7        2.     The United States District Court for the Northern District of California is a proper

8    venue in that the action being removed was filed in the Superior Court of the State of California,

9    City and County of Santa Clara.

10                            **DIVERSITY OF CITIZENSHIP**

11        5.     MNU asserts diversity of citizenship jurisdiction as the means of jurisdiction as

12    plaintiff is seeking damages in excess of $75,00.00. *See Complaint* ¶¶ 10, 11, 21, 29, 34 and the

13    Prayer for Relief ¶1.

14        6.     Defendant MNU is incorporated under the laws of the State of Indiana and

15    maintains its principal place of business in the State of Indiana. *See Complaint* ¶ 2.

16        7.     Plaintiff STANFORD HOSPITAL AND CLINICS alleges that it is incorporated

17    under the laws of the State of California and maintains its principal place of business in the State

18    of California. *See Complaint* ¶1.

19                            **AMOUNT IN CONTROVERSY**

20        8.     The amount in controversy in this action may exceed the jurisdictional minimum

21    of $75,000. *See Complaint* ¶¶ 10, 11, 21, 29, 34 and the Prayer for Relief ¶1.

22        9.     This civil action is being removed to Federal Court on the basis of federal

23    diversity jurisdiction under the provisions of 28 U.S.C. Section 1332 and is one which may be

24    removed to this Court by MNU pursuant to the provisions of 28 U.S.C. Section 1441(a) in that it

25    is a civil action wherein the amount in controversy exceeds the sum of Seventy-Five Thousand

26    Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

27    / / /

28    / / /

1    10.    Attached hereto as Exhibit A is a true and correct copy of all pleadings and

2    process filed in this action in the Superior Court in the State of California, County of Santa Clara,

3    which were served on MNU.

4    11.    A notice of filing of this notice of removal is being filed concurrently with the

5    Superior Court of the State of California, City and County of Santa Clara, and is concurrently

6    being served on plaintiff.

7    **WHEREFOR**, MNU prays that this civil action be removed to this Court from the

8    Superior Court of the State of California, City and County of Santa Clara.

9

10                                              RIMAC & MARTIN
                                                A Professional Corporation

11

12    DATED:  October 29, 2007          By:
                                                WILLIAM REILLY

13                                              Attorneys for Defendant

14                                              MULTINATIONAL UNDERWRITERS, LLC
                                                (Erroneously sued herein as "Multinational
                                                Underwriters, Inc.")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**                              3

# EXHIBIT A

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MULTINATIONAL UNDERWRITERS, INC., a for profit
corporation; and DOES 1 THROUGH 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
STANFORD HOSPITAL AND CLINICS, a California non-
profit public benefit corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED
(ENDORSED)

AUG 3 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY_____ DEPUTY
B. GANCAYCO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA CLARA<br>SUPERIOR COURT - DOWNTOWN<br>191 N. FIRST STREET<br>SAN JOSE, CA 95113-1090 | CASE NUMBER:<br>*(Número del Caso):*<br>1 07 CV 091325 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEO LUEVANOS, ESQ.   (SBN 198372)     818-559-4477    818-559-3484
STEPHENSON, ACQUISTO & COLMAN
303 N. GLENOAKS BLVD., SUITE 700
BURBANK, CA 91502

| DATE: AUG 3 2007 | Kiri Torre | Clerk, by | B. GANCAYCO | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | Chief Executive Officer/Clerk | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Co. Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LEO LURVANOS, ESQ. (SBN 198372)
STEPHENSON, ACQUISTO & COLMAN
303 N. GLENOAKS BLVD., SUITE 700
BURBANK, CA 91502

TELEPHONE NO: 818-559-4477    FAX NO.: 818-559-5484
ATTORNEY FOR (Name): PLAINTIFF
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113-1090
BRANCH NAME: SUPERIOR COURT - DOWNTOWN

CASE NAME: STANFORD HOSPITAL AND CLINICS V.
MULTINATIONAL UNDERWRITERS, INC.

**FILED**

AUG 3 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

CASE NUMBER: 107CV091325

**BY FAX**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | DEPT: |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive

4. Number of causes of action (specify): 3

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: AUGUST 3, 2007
LEO LURVANOS, ESQ. (SBN 198372)
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]    **CIVIL CASE COVER SHEET**
Legal Solutions Plus    Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

1  STEPHENSON, ACQUISTO & COLMAN
2  JOY YOUNG STEPHENSON, ESQ. (SBN 113755)
   BARRY SULLIVAN, ESQ.      (SBN 136571)
3  LEO LUEVANOS ESQ.         (SBN 198372)
4  303 N. Glenoaks Blvd., Suite 700
   Burbank, CA 91502
5
   Telephone:  (818) 559-4477
6  Facsimile:  (818) 559-5484
7
   Attorneys for Plaintiff
8  STANFORD HOSPITAL AND CLINICS, a California non-profit public benefit
9  corporation

**(ENDORSED)**

**F I L E D**

AUG  3 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____
S. GANGUCCO        DEPUTY

10          SUPERIOR COURT OF CALIFORNIA

11          FOR THE COUNTY OF SANTA CLARA

12              UNLIMITED JURISDICTION

13

| | |
|---|---|
| 14  STANFORD HOSPITAL AND | Case No.:   **1 0 7 C V 0 9 1 8 2 5** |
| 15  CLINICS, a California non-profit public | |
|     benefit corporation, | COMPLAINT FOR DAMAGES FOR: |
| 16 | |
| 17          Plaintiff, | 1.   BREACH OF ORAL |
|     | CONTRACT; |
| 18          vs. | |
|     | 2.   NEGLIGENT |
| 19  MULTINATIONAL | MISREPRESENTATION; AND |
|     UNDERWRITERS, INC., a for profit | |
| 20  corporation; and DOES 1 THROUGH | 3.   COMMON COUNTS. |
| 21  25, INCLUSIVE | |
| 22          Defendants | **BY FAX** |
| 23 | |
| 24 | |

25  ////
26  ////
27
28

final complaint.doc

- 1 -     COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
          ORAL CONTRACT; 2. NEGLIGENT
          MISREPRESENTATION; ETC.

**PARTIES**

1.     Plaintiff Stanford Hospital and Clinics ("Stanford Hospital") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. Stanford Hospital has its principal place of business in the community of Stanford, County of Santa Clara, State of California. Stanford Hospital provides medical care to patients.

2.     Defendant MULTINATIONAL UNDERWRITERS, INC. ("Multinational") is for profit corporation that is organized and existing pursuant to the laws of Indiana. Multinational has its principal place of business in Indianapolis, Indiana.

3.     Stanford Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Stanford Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4.     Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

5.     At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership

final complaint.doc

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL CONTRACT; 2. NEGLIGENT MISREPRESENTATION; *ETC.*

1  authority, and/or is in some other way responsible for the acts of one or more of the
2  other defendants.

3

4      6.      Multinational and/or Does 1 through 25, inclusive, shall be
5  collectively referred to as Multinational.

6

7                    **COMMON FACTUAL BACKGROUND**

8

9      7.      At all relevant times, a patient whose date of birth was
10  December 19, 1935 ("Patient") was an individual enrollee of Multinational's health
11  plan.

12

13      8.      Stanford Hospital admitted Patient to its facility on July 4,
14  2005, with Patient discharged on July 6, 2005.  During the stays Stanford Hospital
15  rendered medically necessary services, equipment, and supplies to Patient.

16

17      9.      During Patient's admission, Stanford Hospital contacted
18  Multinational and/or Multinational's agent to verify Patient's health plan coverage.
19  For the first admission, Multinational and/or Multinational' agent confirmed
20  Patient was an enrollee of a health plan sponsored and/or underwritten by
21  Multinational.  Multinational and/or Multinational's agent confirmed that
22  authorization of services provided was not required and that Stanford Hospital
23  should submit its claim.

24

25      10.      Stanford Hospital's usual and customary total billed charges for
26  rendering the medically necessary services, equipment, and supplies to Patient
27  from July 4, 2005 through July 6, 2005 amounted to $76,590.49.

28

final complaint.doc                    - 3 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                ORAL CONTRACT; 2. NEGLIGENT
                                                MISREPRESENTATION; *ETC.*

1    11.    On or about July 12, 2005, Stanford Hospital submitted the

2   final bill regarding Patient's admission to Multinational for payment.  The bill

3   reflects Stanford Hospital's usual and customary total billed charges of $76,590.49.

4   Stanford Hospital expected to be paid this amount for the services it rendered.

5

6    12.    After receiving the bill, Multinational stated that it would not

7   pay the total amount of the bills as it did not cover services rendered in the United

8   States or Canada under its policy with Patient.  Stanford Hospital attempted to

9   resolve the matter with Multinational, but the parties could not resolve this matter.

10

11    13.    Multinational paid a total of $0 to Stanford Hospital for the

12   medically necessary services, equipment, and supplies rendered to Patient despite

13   having given its earlier authorization.

14

15    14.    Stanford Hospital reasonably relied on Multinational's and/or

16   Multinational' agent's representations that: i) Patient was an enrollee of

17   Multinational' health plan, and, ii) that Multinational would pay for medical

18   services rendered to Patient – and thus Stanford Hospital was induced not to make

19   other financial arrangements to obtain payment for the medical services,

20   equipment, and supplies eventually rendered to Patient.

21

22    15.    Stanford Hospital has now exhausted all available remedies to

23   challenge Multinational' refusal to pay the amount due for the medical services,

24   equipment, and supplies rendered to Patient.

25

26

27

28

final complaint.doc                          - 4 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                       ORAL CONTRACT; 2. NEGLIGENT
                                                       MISREPRESENTATION; ETC.

**FIRST CAUSE OF ACTION**

(Breach of Oral Contract)

(Against defendants Multinational

and Does 1 through 25, inclusive)

16.    Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 15 here as though set forth in full.

17.    Through the verification of coverage and the services rendered to Patient, the parties entered into an oral contract under which Stanford Hospital would provide medical treatment to Patient and Multinational would pay Stanford Hospital for the treatment, equipment, and supplies rendered to Patient at Stanford Hospital's usual and customary charges.

18.    Stanford Hospital performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the parties' oral contract.

19.    Stanford Hospital demanded Multinational to perform its obligations to pay the amount due for the medical services, equipment, and supplies rendered to Patient.

20.    Multinational breached the oral contract by failing to pay Stanford Hospital the contract amount due.

21.    As a result of the breach by Multinational, Stanford Hospital suffered damages in the sum of $76,590.49.

final complaint.doc

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF ORAL CONTRACT; 2. NEGLIGENT MISREPRESENTATION; *ETC.*

## SECOND CAUSE OF ACTION

(Negligent Misrepresentation)

(Against defendants Multinational

and Does 1 through 25, inclusive)

22.   Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 15 here as though set forth in full.

23.   As stated above, Stanford Hospital agreed to provide medically necessary services, equipment, and supplies to an individual enrollee of Multinational' health plan; in exchange for which Multinational agreed to pay Stanford Hospital its usual and customary charges for the services rendered to patient.

24.   An employee and/or agent of Multinational informed Stanford Hospital that Patient was an individual enrollee of Multinational, and thereby represented to Stanford Hospital that Multinational would pay Stanford Hospital's usual and customary total billed charges associated with rendering medical services, equipment, and supplies rendered to Patient.

25.   That representation was false (or was made without a reasonable basis for believing it to be true) in that Multinational had no intention to adhere to its oral contract and pay Stanford Hospital its usual and customary total billed charges associated with rendering medical services, equipment, and supplies rendered to Patient..

26.   Multinational intended Stanford Hospital to rely on that aforementioned misrepresentation to induce Stanford Hospital to render medical

final complaint.doc                                  - 6 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                             ORAL CONTRACT; 2. NEGLIGENT
                                                             MISREPRESENTATION; ETC.

1  services, equipment, and supplies rendered to Patient and abjure from making

2  alternative financial arrangements with the patient.

3

4      27.  Stanford Hospital reasonably relied on that misrepresentation.

5

6      28.  Multinational refused and continues to refuse to pay Stanford

7  Hospital the full amount due despite the earlier representations of Multinational'

8  agent, to the contrary.

9

10      29.  As a direct and proximate result of the aforementioned

11  misrepresentations, Stanford Hospital was obstructed from pursuing other avenues

12  of reimbursement, rendered medical care on false pretenses, and has suffered

13  substantial detrimental damages in the sum of $76,590.49.

14

15  **THIRD CAUSE OF ACTION**

16  (Common Counts)

17  (Against defendants Multinational

18  and Does 1 through 25, inclusive)

19

20      30.  Stanford Hospital incorporates by reference and re-alleges

21  paragraphs 1 through 15 here as though set forth in full.

22

23      31.  Multinational's verification of coverage and tacit approval of

24  Stanford Hospital's treatment of Patient created an obligation and contract between

25  the parties that Multinational would pay for Stanford Hospital's charges regarding

26  the medical treatment given to the Patient.

27

28      32.  Stanford Hospital duly performed all obligations to be

1 │ performed under the terms of said contract except as the same may have been
2 │ waived by Multinational or excused by Multinational's conduct.
3 │
4 │        33.    Multinational breached said contract by failing and refusing,
5 │ without good cause, to pay Stanford Hospital the amount of Stanford Hospital's
6 │ usual and customary charges for the medical services and supplies rendered by
7 │ Stanford Hospital.
8 │
9 │        34.    As a result of Multinational's breach, Multinational damaged
10 │ Stanford Hospital in the amount of $76,590.49.
11 │
12 │                         **PRAYER FOR RELIEF**
13 │
14 │ **WHEREFORE**, Stanford Hospital prays for judgment as follows:
15 │
16 │ For all cases of action
17 │
18 │        1.    the principal sum of $76,950.49;
19 │
20 │        2.    for interest on such principal sum at the rate of fifteen percent
21 │ (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the
22 │ alternative, for interest on such principal sum at the rate of 10% per annum,
23 │ pursuant to Cal. Civ. Code § 3289;
24 │
25 │        3.    for such other and further relief as the Court deems just and
26 │ proper.
27 │
28 │

final complaint.doc

- 8 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
ORAL CONTRACT; 2. NEGLIGENT
MISREPRESENTATION; *ETC.*

1  Dated: 3 August 2007

2

3                                    STEPHENSON, ACQUISTO & COLMAN

4

5

6                                    LEO LUEVANOS
7                                    Attorneys for
                                     STANFORD HOSPITAL AND CLINICS,
8                                    a California non-profit public benefit
                                     corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

final complaint.doc

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                 ORAL CONTRACT; 2. NEGLIGENT
                 MISREPRESENTATION; *ETC.*

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER _____ 1 0 7 C V 0 9 1 3 2 5

ATTACHMENT CV-5012

---

## READ THIS ENTIRE FORM

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file the written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:** If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use the proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scselfservice.org/civil/civilrule.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil"

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

> You or your attorney must appear at the CMC. You may ask to appear by telephone — see Local Civil Rule 8.

> Your Case Management Judge is: __Kevin Murphy__                     Department: __22__
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
>
> Date: __DEC 4 2007__ Time: __3:00pm__    in Department __22__
>
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
>
> Date: _____    Time: _____    in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

CV-5003 REV 8/03

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, is desired
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court        Santa Clara County DRPA Coordinator
ADR Administrator                        408-792-2784
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/CIVIL DIVISION

CV-5003 REV 0006

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090

ENDORSED FILED

07 AUG -6 PM 1:35

ORDER/CLERK
COURT OF CA.
SANTA CLARA
S. GANCAYCO    DEPUTY

TO:    Joy Young Stephenson
       Stephenson Acquisto & Colman
       303 N. Glenoaks Boulevard  Suite 700
       Burbank,  CA 91502-3226

RE:  Stanford Hospital And Clinics vs Multinational Underwriters, Inc.
Case Nbr:  1-07-CV-091325

PROOF OF SERVICE

Attached is the new Ntc to Litigant form with the correct CMC date:
12/18/07 @ 3:00pm D-22

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

Parties/Attorneys of Record:

CC:

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 8/6/07.  KIRI TORRE, Chief Executive Officer/Clerk by Stacie M Gancayco, Deputy

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

ATTACHMENT CV-5012

CASE NUMBER: __1 0 7 C V 0 9 1 3 2 5__

---

## READ THIS ENTIRE FORM

---

**PLAINTIFFS** (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

   Warning:  If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:**  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or beckyr@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.sccselfservice.org and select "Civil."

---

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Kevin Murphy**                          Department: **22**

The 1st CMC is scheduled for:  (Completed by Clerk of Court)

   Date: **DEC 1 8 2007** Time: **3:00pm**    in Department **22**

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)

   Date: _____ Time: _____ in Department _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

<    Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
<    The action is for personal injury, property damage, or breach of contract
<    Only monetary damages are sought
<    Witness testimony, under oath, is desired
<    An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<    **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
<    The parties are far apart in their view of the law or value of the case
<    The case involves a technical issue in which the evaluator has expertise
<    Case planning assistance would be helpful and would save legal fees and costs
<    The parties are interested in an injunction, consent decree, or other form of equitable relief

<    **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<    **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

     **Contact:**
     Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
     ADR Administrator                       408-792-2704
     408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

# PROOF OF SERVICE BY MAIL

    I am employed at Rimac & Martin, 1051 Divisadero Street, San Francisco, California 94115. I am over the age of 18 years and am not a party to this action.

    On October 29, 2007, I served the within **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** on the interested parties hereto by placing said document in a sealed envelope with first class postage fully prepaid thereon, and depositing same with the U.S. Postal Service at San Francisco, California, addressed as follows:

Leo Luevanos, Esq.
STEPHENSON, ACQUISTO & COLMAN
303 N. Glenoaks Blvd., Suite 700
Burbank, CA  91502

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed October 29, 2007, at San Francisco, California.

Karl H. Plischke