1  **RIMAC & MARTIN**
   A Professional Corporation
2  JOSEPH M. RIMAC (SBN 72381)
   WILLIAM REILLY (SBN 177550)
3  KEVIN G. GILL (SBN 226819)
   1051 Divisadero Street
4  San Francisco, CA 94115
   Telephone: (415) 561-8440
5  Facsimile: (415) 561-8430
   *josephrimac@rimacmartin.com*
6  *w_reilly@rimacmartin.com*
   *kgill@rimacmartin.com*
7
   Attorneys for Defendant
8  MULTINATIONAL UNDERWRITERS, LLC

9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11                          SAN JOSE DIVISION
12

13 | STANFORD HOSPITAL AND CLINICS, | ) | **E-FILING** |
14 |       Plaintiff, | ) | **CASE NO. C 07-05497 JF** |
15 | vs. | ) | **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. Rule 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
16 | MULTINATIONAL UNDERWRITERS, INC. | ) | |
17 |       Defendants. | ) | |
18 | | ) | Date: January 18, 2008<br>Time: 9:00 am<br>Dept: Courtroom 3<br>**The Hon. Jeremy Fogel** |

20 **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

21     **PLEASE TAKE NOTICE** that on January 18, 2008 at 9:00 am, or as soon thereafter as

22 counsel may be heard by the above-entitled Court, located at 280 S. 1st Street, Courtroom 3, San

23 Jose, California 95113, defendant MULTINATIONAL UNDERWRITERS LLC ("MNU") will and

24 hereby does move the Court to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of

25 Civil Procedure for failure to state a claim upon which relief can be granted.

26     Under California's statute of frauds (Cal. Civ. Code § 1624), an obligation to pay for the

27 debts of another is required to be in writing. Plaintiff STANFORD HOSPITAL AND CLINICS

28 ("plaintiff") does not allege any such writing, and its complaint must fail.

-1-
NOTICE OF MOTION AND
MOTION TO DISMISS                                          CASE NO. C 07-05497 JF

1  Even were that not the case, which it is, plaintiff has failed to allege a valid oral contract, a
2  misrepresentation, or any other basis for a duty on behalf of MNU to pay for uncovered, medically
3  necessary services rendered to a third party (the "patient").  The Complaint deems the services
4  rendered to plaintiff as "medically necessary" and does not assert that plaintiff would have refused
5  to provide such services except for MNU's actions.  There can thus be no "detrimental" reliance
6  because plaintiff does not claim to have been induced into doing something it otherwise would not
7  have done.
8  Additionally, Plaintiff has failed to name the person who ultimately bears responsibility for
9  the "necessary medical services" provided (i.e. the patient) and has failed to pursue the patient's
10 health insurance.  Rather, plaintiff prolongs its mistaken attempt to pursue coverage from the
11 provider of an overseas travel policy which is not applicable to charges incurred or services rendered
12 within the United States.
13 Lastly, the statute of limitations on an oral contract is two years, and even if the Complaint
14 stated a claim for relief for "breach of oral contract" or unspecified "common counts" (which it does
15 not) such claims are time-barred.
16 This motion is based upon this Notice, the within Memorandum of Points and Authorities,
17 the Declaration of Counsel filed herewith, upon the Court's file in this matter, and upon such further
18 documentary evidence and oral argument of counsel as may be presented at the hearing.

19                                    Respectfully submitted,

20                                    RIMAC & MARTIN, P.C.

21

22 DATED:  November 21, 2007     By:    /s/ **JOSEPH M. RIMAC**
                                        JOSEPH M. RIMAC
23                                      Attorneys for Defendant
                                        MULTINATIONAL UNDERWRITERS LLC
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

-2-

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.  INTRODUCTION**

3  Under California's Statute of Frauds (Cal. Civ. Code § 1624), to be valid, an obligation to
4  pay for the debts of another must be in writing. Plaintiff STANFORD HOSPITAL AND CLINICS
5  ("plaintiff") does not allege any such writing, and its complaint must fail.

6  Even were the Statute of Frauds not applicable, which it is, plaintiff has failed to allege a
7  valid oral contract, a misrepresentation, or any other basis for a duty on behalf of MNU to pay for
8  uncovered, medically necessary services rendered to a third party (the "patient"). The Complaint
9  deems the services rendered to plaintiff as "medically necessary" and does not assert that plaintiff
10 would have refused to provide such services except for MNU's actions. There can thus be no
11 "detrimental" reliance because plaintiff does not claim to have been induced into doing something
12 it otherwise would not have done. And indeed, plaintiff does not claim "detrimental" reliance – the
13 hornbook hallmark of an oral contract – but instead simply seeks to cover its own errors in billing
14 for services it deemed necessary, and to pursue coverage from an admittedly inapplicable foreign
15 travel insurance policy (otherwise why base the lawsuit on an oral contract only) without even
16 alleging a promise to pay, let alone detrimental reliance on such a promise.

17 Additionally, plaintiff's "breach of oral contract" and "common counts" claims for relief are
18 time-barred. Plaintiff submitted its claim on July 19, 2005. The claim was denied on July 28, 2005.
19 The Complaint was filed on August 3, 2007, over two years after the claim denial.

20 Lastly, plaintiff has failed to name the person who ultimately bears responsibility for the
21 "necessary medical services" provided (i.e. the patient) (a necessary party), and has failed to pursue
22 the patient's health insurance (another necessary party). Instead, plaintiff prolongs its mistaken
23 attempt to pursue coverage from the provider of an overseas travel policy which is not applicable to
24 charges incurred or services rendered within the United States. Plaintiff's complaint fails to state
25 a claim upon which relief can be granted, and MNU respectfully requests that the Court dismiss the
26 matter with prejudice.

27 / / /

28 / / /

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir.1991) (*quoting Conley v. Gibson,* 355 U.S. 41, 45-6 (1957). It is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir.1997). In reviewing such a motion, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party. *North Star,* 720 F.2d at 580.

## III. ARGUMENT

Plaintiff has failed to allege a valid oral contract, or any other basis for a duty on behalf of MNU to pay for uncovered, medically necessary services. Plaintiff has failed to name the person who ultimately bears responsibility for the "necessary medical services" provided (i.e. the patient) and has failed to pursue the patient's health insurance. Rather, Stanford prolongs its mistaken attempt to pursue coverage from the provider of an overseas travel policy which is not applicable to charges incurred or services rendered within the United States. (Complaint, ¶ 12.)

### A. THE COMPLAINT DOES NOT SURVIVE THE STATUTE OF FRAUDS

Plaintiff asserts "breach of oral contract" and "negligent misrepresentation" as grounds for pursuing payment from MNU for the debts incurred by a third party (the patient) for medically necessary services rendered by plaintiff. Such obligations are invalid unless they are in writing.

California's Statute of Frauds provides in pertinent part:

> a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent:
> . . .
> (2) A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2794.
> . . .

Cal.Civ.Code § 1624.

-4-

Plaintiff does not allege any such writing, and its complaint does not survive the Statute of Frauds. Defendant MNU therefore respectfully requests that the Court dismiss the matter with prejudice for failure to state a claim upon which relief can be granted.

**B. EVEN IF THE COMPLAINT FALLS OUTSIDE THE STATUTE OF FRAUDS (WHICH IT DOES NOT) PLAINTIFF FAILS TO ALLEGE A VALID ORAL CONTRACT**

The sum total of plaintiff's factual allegations in support of its assertion of breach of oral contract is as follows:

> 8. Stanford Hospital admitted Patient to its facility on July 4, 2005, with Patient discharged on July 6, 2005. During the stays [sic] Stanford Hospital rendered medically necessary services, equipment, and supplies to Patient.
> 9. During Patient's admission, Stanford Hospital contacted Multinational and/or Multinational's agent to verify Patient's health coverage. For the first admission, Multinational and/or Multinational's agent confirmed Patient was an enrollee of a health plan sponsored and/or underwritten by Multinational. Multinational and/or Multinational's agent confirmed that authorization of services provided was not required and that Stanford Hospital should submit its claim.
> 10. Stanford Hospital's usual and customary total billed charges for rendering the medically necessary services, equipment, and supplies to Patient from July 4, 2005 through July 6, 2005 amounted to $76,590.49.
> 11. On or about July 12, 2005, Stanford Hospital submitted the the final bill regarding Patient's admission to Multinational for payment . . . .
> 12. After receiving the bill, Multinational stated that it would not pay the total amount of the bills as it did not cover services rendered in the United States or Canada under its policy with Patient. Stanford Hospital attempted to resolve the matter with Multinational, but the parties could not resolve this matter.
> . . .
> 14. Stanford Hospital reasonably relied on Multinational's and/or Multinational's agent's representations that: I) Patient was an enrollee of Multinational's health plan, and ii) that Multinational would pay for medical services rendered to Patient – and thus Stanford Hospital was induced to not make other financial arrangements to obtain payment for the medical services, equipment, and supplies eventually rendered to Patient.

(Complaint, ¶¶ 9-14). Even assuming that the Statute of Frauds were not to apply (which it does), plaintiff has not alleged a valid oral contract.

/ / /

1  Under California Civil Code section 1550, every contract requires both consent and
2  consideration:

> ESSENTIAL ELEMENTS OF CONTRACT. It is essential to the existence of a contract that there should be:
> 1. Parties capable of contracting;
> 2. Their consent;
> 3. A lawful object; and,
> 4. A sufficient cause or consideration.

Cal.Civ.Code § 1550.

### 1. Plaintiff Does Not Allege Mutual Consent.

Under California law, parties must communicate their mutual consent in order to enter into contract. *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir. 1996) (citing Cal.Civ.Code §§ 1550, 1565). "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Cal.Civ.Code § 1580; *Khajavi v. Feather River Anesthesia Medical Group*, 84 Cal.App.4th 32, 60 (2000) (quoting same).

The only factual allegation regarding MNU's communication is contained in paragraph 9 of the Complaint:

> 9. During Patient's admission, Stanford Hospital contacted Multinational and/or Multinational's agent to verify Patient's health coverage. For the first admission Multinational and/or Multinational's agent confirmed Patient was an enrollee of a health plan sponsored and/or underwritten by Multinational. Multinational and/or Multinational's agent confirmed that authorization of services provided was not required and that Stanford Hospital should submit its claim.

(Complaint, ¶ 9.)

Thus, all plaintiff alleges is that MNU invited plaintiff to submit a claim. "'Claim' in its primary meaning, is used to indicate *the assertion of an existing right*." *Mellus v. Potter*, 91 Cal.App. 700, 704 (1928)(emphasis added); *see Black's Law Dictionary, 4th Ed.*, 313 (1968) (citing same and defining "claim" as "To demand as one's own; to assert; . . .") Essentially, **a "claim" is a demand for compensation**. *See First Corporation, Inc. v. County of Santa Clara* 146 Cal.App.3d 841, 845 (1983).

///

The sum total of plaintiff's allegations is that MNU invited it to submit a demand for compensation. Plaintiff does not allege any promise that the demand would be approved, nor was any such promise made. Plaintiff has not alleged mutual consent, which is required in order for a contract (even an oral contract) to exist, and the complaint thus fails to state a claim upon which relief can be granted.

### 2. Plaintiff Does Not Allege Valid Consideration

Sufficient consideration is also an essential element of a contractual relationship, and here too plaintiff's complaint falls short of pleading the essential elements.

Sufficient consideration is defined as follows:

> GOOD CONSIDERATION, WHAT. Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

Cal.Civ.Code § 1605. "The phrase '*as an inducement to the promisor*' reflects the requirement . . . that the consideration be a *bargained-for exchange*." *Jara v. Suprema Meats,* 121 Cal.App.4th 1238, 1248 (2004) (emphasis added). "'A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.'" *Id*. (quoting Rest.2d, Contracts, § 71).

Plaintiff does not allege any benefit conferred upon MNU (the alleged promisor). Nor does plaintiff allege any bargained-for exchange, i.e. that MNU sought something from plaintiff. Plaintiff does not even state that it would have withheld the medically necessary services (already being rendered) unless MNU agreed to pay. In fact, the only "detriment" plaintiff suggests is that it was "induced to not make other financial arrangements to obtain payment for the medical services, equipment, and supplies eventually rendered to Patient." (Complaint, § 14.) There are no allegations that plaintiff's failure to "make other financial arrangements" was bargained-for. All that plaintiff alleges is that MNU informed plaintiff it should submit a claim (a demand for compensation), as is standard practice in the insurance industry.

///

Plaintiff has not pled any bargained-for consideration, and the complaint fails to state a claim upon which relief can be granted, and must be dismissed.

### C. PLAINTIFF'S NEGLIGENT MISREPRESENTATION AND COMMON COUNTS CAUSES OF ACTION ALSO FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

Apparently as alternatives to its oral contract cause of action, plaintiff also alleges negligent misrepresentation and common counts. And as with the breach of oral contract cause of action, neither states a claim upon which relief can be granted. Plaintiff cannot escape the Statute of Frauds or the failure to adequately plead an oral contract through reframing the matter in other terms, and its complaint must fail.

#### 1. Plaintiff Fails to Meet Heightened Pleading Requirements.

"Claims for negligent misrepresentation must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *Miller v. Allstate Ins. Co.*, 489 F.Supp.2d 1133, 1139 (S.D.Cal. 2007). A plaintiff must allege with particularity the time, place, and contents of the misrepresentation so that the defendant can identify the statement. *Id.* (*citing Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985)).

Plaintiff asserts only that:

> 9. During Patient's admission, Stanford Hospital contacted Multinational and/or Multinational's agent to verify Patient's health coverage. For the first [sic] admission Multinational and/or Multinational's agent confirmed Patient was an enrollee of a health plan sponsored and/or underwritten by Multinational. Multinational and/or Multinational's agent confirmed that authorization of services provided was not required and that Stanford Hospital should submit its claim.
>
> . . .
>
> 24. An employee and/or agent of Multinational informed Stanford Hospital that Patient was an individual enrollee of Multinational, and thereby [impliedly] represented to Stanford Hospital that Multinational would pay Stanford Hospital's usual and customary total billed charges associated with rendering medical services, equipment, and supplies rendered to Patient.

(Complaint, ¶¶ 9, 24.)

Plaintiff does not assert who at MNU made these statements (or even whether it was someone at MNU or some unidentified "agent"), when they occurred, where they occurred, or how MNU

perpetrated reliance by declining to authorize services, but instead directing plaintiff to submit a claim. Without the requisite particularity, plaintiff's cause of action for negligent misrepresentation must be dismissed. FRCP 9(b), 12(b)(6); *Miller*, 489 F.Supp.2d at 1139 (citing same).

## 2. Plaintiff Fails to Adequately Plead Negligent Misrepresentation.

Plaintiff does not allege pre-authorization, or indeed any promise at all. On the contrary, as alleged in the Complaint, MNU informed plaintiff that it would not authorize the treatment, but required plaintiff to submit a claim. (Complaint, ¶ 9.) Plaintiff suggests that MNU's confirmation that the patient "was an enrollee of a health plan sponsored and/or underwritten by Multinational" (an international travel insurance plan), coupled with the invitation to plaintiff to submit a claim, somehow amounted to an implied agreement to pay plaintiff's claim, and that this further transmogrifies into negligent misrepresentation. It does not.

> Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.

*B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (1997); see Cal.Civ.Code § 1572(2); *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 403 (1989) (negligent misrepresentation is a form of fraud).

Initially, the doctrine of negligent misrepresentation **does not** impose liability for negligent omissions or implied representations; rather, **a 'positive assertion' is required**. *Huber, Hunt & Nichols, Inc. v. Moore,* 67 Cal.App.3d 278, 304 (1977).

Additionally, a suit for negligent misrepresentation will only lie when one makes an unreasonable misrepresentation of past or existing material fact, with the intention of actually inducing reliance on the misrepresented fact. *See Tarmann v. State Farm Mutual Auto. Ins. Co.,* 2 Cal.App.4th 153, 159 (1991); *Carroll v. Gava*, 98 Cal.App.3d 892, 895 (1979). "[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise ... if plaintiff produces no further evidence of fraudulent intent than proof of nonperformance of an oral

///

1  promise, he will never reach a jury." *Magpali v. Farmers Group, Inc.*, 48 Cal.App.4th 471, 481
2  (1996).
3      Plaintiff does not allege any positive misrepresentation, but only that MNU's confirmation
4  (which was true) that the patient "an enrollee of a (foreign travel) health plan sponsored and/or
5  underwritten by Multinational," and a request that plaintiff submit a claim if it believed it had
6  incurred costs which might be covered by the patient's plan. Such a confirmation does not amount
7  to a negligent misrepresentation. *Regents of Univ. of Cal. v. Principal Financial Grp*, 412 F.Supp.2d
8  1037, 1045 (N.D.Cal. 2006).
9      Plaintiff has not pled the negligent misrepresentation cause of action with sufficient
10 particularity, and has not alleged any positive misrepresentations whatsoever. Plaintiff's cause of
11 action must therefore be dismissed for failure to state a claim. Additionally, because the entirety of
12 plaintiff's Complaint shows no positive misrepresentation was made, leave to amend would be futile,
13 and the cause should be dismissed with prejudice.

14     **3.**    **Plaintiff Has Not Adequately Pled "Common Counts"**

15     Plaintiff's final cause of action, for unspecified "common counts" fails for the same reasons
16 its breach of oral contract cause of action fails: there is no valid or enforceable contract between
17 plaintiff and MNU. The very best plaintiff can muster in support of its "common counts" cause is
18 the following allegation:

19     31.    Multinational's verification of coverage and **tacit approval**
20         of Stanford Hostpital's treatment of Patient created an obligation and contract between the parties . . .

21 (Complaint, ¶ 31 (emphasis added)).
22     *Black's Law Dictionary* defines "Tacit" as "Existing, inferred or understood without being
23 openly expressed or stated, implied by silence or silent acquiescence, . . ." *Black's Law Dictionary,*
24 *4th Ed.*, 1623 (1968). Thus, plaintiff's allegation is that MNU silently acquiesced to plaintiff's
25 desire that MNU should pay for the services it rendered to patient, irrespective of MNU's stated
26 instruction that it did not preauthorize services, but that plaintiff would be required to submit a
27 claim, and irrespective of the fact that the policy held by plaintiff does not afford coverage for
28 / / /

-10-

1  medical services rendered within the United States (and is therefore not even mentioned in plaintiff's
2  Complaint, other than in passing at ¶ 12).

3  A common count is *not* a specific cause of action: "(R)ather, it is a simplified form of
4  pleading normally used to aver the existence of various forms of monetary indebtedness, including
5  that arising from an alleged duty to make restitution under an assumpsit theory." *McBride v.*
6  *Boughton,* 123 Cal.App.4th 379, 394 (2004). The only essential allegations of a common count are
7  (1) the statement of indebtedness in a certain sum; (2) the consideration; and (3) nonpayment.
8  *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445 460 (1997).

9  A common count does not state a cause of action where it is *contradicted by other facts*
10 *alleged* in the same cause of action. *Farmers Ins. Exchange*, 53 Cal.App.4th at 460. Similarly,
11 where a common count is pleaded as an alternative way of seeking the same relief demanded in a
12 specific cause of action, and is based on the same facts, the common count is demurrable if the cause
13 of action is demurrable. *McBride,* 123 Cal.App.4th at 394.

14 Here, plaintiff's unspecified "common counts" are pled as an alternative way of seeking the
15 same relief demanded in its other two causes of action. Because those causes of action are subject
16 to dismissal for failure to state a claim, so too are plaintiff's unspecified common counts
17 (irrespective of which ones plaintiff intends to plead).

18 A contract to pay the debts of another must be in writing. Plaintiff has not pled a written
19 contract, and his claim for breach of oral contract cannot survive the statute of frauds. Additionally,
20 Plaintiff has not pled mutual consent or a bargained-for exchange, and his cause of action for breach
21 of oral contract fails for that reason as well. Nor has plaintiff pled his negligent misrepresentation
22 cause of action with sufficient particularity, or stated any positive misrepresentation on MNU's part.
23 Rather, plaintiff admits that it is asserting only that "Multinational's verification of coverage and
24 **tacit approval** of Stanford Hostpital's treatment of Patient created an obligation and contract
25 between the parties," (Complaint, ¶ 31 (emphasis added)), and its cause of action for negligent
26 misrepresentation cannot survive.

27 Because neither of plaintiff's stated causes of action can survive, its cause of action for
28 unspecified "common counts" also fails. For these reasons, MNU respectfully requests that the Court

1  grant its motion and dismiss the complaint. Additionally, because amendment would be futile, MNU
2  requests that the Complaint be dismissed with prejudice.

### D. THE FIRST AND THIRD CAUSES OF ACTION ARE TIME-BARRED.

The statute of limitations on a claim of breach of oral contract is two years. Cal. C.C.P. § 339. Additionally, a breach of oral contract action barred by a statute of limitations "cannot be resurrected by the device of pleading common counts ..." when the causes of action are factually identical. *Filmservice Laboratories, Inc. v. Harvey Bernhard Enterprises, Inc.* 208 Cal.App.3d 1297, 1308 (1989).

The medical services at issue were provided between July 4, 2005 and July 6, 2005. (Complaint, ¶ 8.) MNU's statements at issue purportedly occurred during this three day period. (Complaint, ¶ 9.) Plaintiff submitted its claim on July 12, 2005. (Complaint, ¶ 11.) The claim was denied on July 28, 2005. (Complaint, ¶ 12; Decl. Counsel, ¶ 3, Exh. A.) The Complaint was filed on August 3, 2007, over two years after the claim denial.

Plaintiff's first and third claims for relief, for "breach of oral contract" and "common counts," fail to state claims because those actions are time-barred. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *ALA, Inc. v. CCAIR, Inc.* 29 F.3d 855, 859 (3d. Cir. 1994).

## IV. CONCLUSION

For the foregoing reasons, defendant MNU respectfully requests that the Complaint be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, because amendment would be futile, MNU requests that the dismissal be with prejudice.

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED: November 21, 2007    By:    /s/ **JOSEPH M. RIMAC**
JOSEPH M. RIMAC
Attorneys for Defendant
MULTINATIONAL UNDERWRITERS, LLC

**PROOF OF SERVICE BY E-FILING AND BY U.S. MAIL**

I am employed at 1051 Divisadero Street, San Francisco, California 94115. I am over the age of 18 years and am not a party to this action.

On November 21, 2007, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. Rule 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL** on the interested parties hereto by efiling said documents, and by placing said documents into an envelope thereafter sealed with first class postage fully prepaid thereon, and depositing same with the U.S. Postal Service at San Francisco, California, addressed as follows:

Leo Luevanos, Esq.
STEPHENSON, ACQUISTO & COLMAN
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 21, 2007, at San Francisco, California.

/s/ **KARL H. PLISCHKE**
Karl H. Plischke