STEPHENSON, ACQUISTO & COLMAN
JOY Y. STEPHENSON, ESQ.  (SBN 113755)
BARRY SULLIVAN, ESQ.     (SBN 136571)
LEO LUEVANOS, ESQ.       (SBN 198372)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone:  (818) 559-4477
Facsimile:   (818) 559-5484

Attorneys for Plaintiff
STANFORD HOSPITAL AND CLINICS, a
California non-profit public benefit corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HOSPITAL AND CLINICS, a California non-profit public benefit corporation ,<br><br>Plaintiff,<br><br>vs.<br><br>MULTINATIONAL UNDERWRITERS, INC., a for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants | E- Filing<br><br>Case No.:    C 07-05497 JF<br><br>Assigned to the Hon. Jeremy Fogel<br><br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)<br><br>DATE:         January 18, 2008<br>TIME:         9:00 a.m.<br>DEPT.:        Courtroom 3 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff ("Stanford Hospital") opposes defendant's motion to dismiss. Stanford Hospital originally filed this matter in state court and drafted the Complaint to comply with California law. Defendant then removed this matter on the basis of diversity and subsequent to the removal filed the instant motion to dismiss. In a nutshell, Stanford Hospital properly asserted each of its three causes of action according to California law.

As to defendant's claim that the oral contract cause of action is barred by the statute of frauds, defendant's argument applies the controlling law incorrectly. Stanford Hospital alleged defendant made an <u>independent</u> promise to pay for the patient's medical costs directly to Stanford Hospital. As such, the statute of frauds does not apply.

As to defendant's argument that Stanford Hospital failed to alleged all the elements of the causes of action for breach of oral contract and negligent misrepresentation, Stanford Hospital will demonstrate it did properly allege those causes of action. Further, since the cause of action for breach of oral contract is properly alleged, defendant's subsidiary argument regarding the alleged deficiency of Stanford Hospital's cause of action for common counts also fails.

Finally, defendant's argument that Stanford Hospital's first and third causes of action are barred by the statute of limitations relies entirely upon

1  "evidence" outside the four corners of the complaint, violating one of the cardinal
2  rules of pleading as to Rule 12(b)(6) motions.  Even if the evidence defendant
3  attached to its motion could be considered at this time, review of it establishes
4  Stanford Hospital filed its Complaint <u>within</u> the limitations period, <u>not</u> outside it.

6      For all the above-stated reasons, discussed in full below, Stanford
7  Hospital respectfully requests that the Court deny this motion.

## II.
## STANDARD OF REVIEW

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true *all* non-conclusory material allegations of the complaint and construe them in the light most favorable to Stanford Hospital. *See* <u>Newman v. Sathyabaglswaran</u>, 287 F.3d 786, 788 (9th Cir. 2002). The Court also must draw in favor of Stanford Hospital all reasonable inferences derivable from the allegations in the Complaint. *See* <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998).  Moreover, a motion to dismiss under Rule 12(b)(6) is disfavored and is rarely granted (<u>Gilligan v. Jamco Develop. Corp.</u> 108 F.3d 246, 249 (9th Cir. 1997)) and should be granted only where it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle the plaintiff to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## III.
## STANFORD HOSPITAL'S CAUSE OF ACTION FOR BREACH OF CONTRACT IS NOT BARRED BY THE STATUTE OF FRAUDS

Defendant initially contends Stanford Hospital's first cause of action

1  for breach of oral contract is barred by the statute of frauds since, according to
2  defendant, it was a "special promise to pay for the debt of another" and thus must
3  be in writing. Moving Papers, pp. 4-5 (citing Cal.Civ.Code § 1624). In a nutshell,
4  defendant misconstrued Stanford Hospital's pleading. Stanford alleged a direct
5  contractual promise to pay made by defendant, not a derivative one. Hence, the
6  statute of frauds does not apply.

8  In this matter, Stanford Hospital alleged that defendant operates a
9  health plan and that the patient ("Patient"), to whom the medical services at issue
10 were rendered, was an enrollee of that health plan. Complaint ¶ 7. Defendant
11 represented <u>directly</u> to Stanford Hospital that <u>defendant</u> would pay for medical
12 services rendered to Patient. The Complaint alleges "Stanford Hospital reasonably
13 relied on Multinational's and/or Multinational's agent's representations that …
14 Multination would pay for medical services rendered to Patient." Complaint ¶ 14.

16 Defendant's motion, in contrast, assumes Stanford Hospital derived
17 its right to sue solely from <u>Patient's</u> promise to pay for medical care. That
18 assumption is wrong, as the Ninth Circuit recently noted in <u>Cedars-Sinai Medical</u>
19 <u>Center v. National League of Postmasters</u>, 497 F.3d 972 (9th Cir. 2007), a health
20 insurer is contractually obligated to pay for medical treatment received by its
21 enrollee when it represents to a medical services provider that it will cover its
22 enrollee. 497 F.3d at 981 ("Cedars-Sinai's claims arise from PBP Health's
23 contractual obligation to Cedars-Sinai-an obligation that arose when PBP Health
24 represented that S.M. was covered by the Plan.") in other words, Stanford could
25 sue either Patient for breach of Patient's promise, or defendant for breach of
26 defendant's promise. In this action, Stanford Hospital chose the latter course, not
27 the former, and thus defendant's argument is inapposite.

## IV.
## STANFORD HOSPITAL DID ALLEGE ALL THE ELEMENTS FOR A BREACH OF ORAL CONTRACT

Defendant next contends Stanford Hospital failed to properly allege a cause of action for breach of oral contract on two grounds: i) Stanford Hospital did not allege that the parties mutually consented to the agreement; and, ii) Stanford Hospital failed to allege valid consideration. Moving Papers, pp. 6-7. Neither prong of defendant's argument withstands analysis.

As to the first prong, defendant incorrectly contends Stanford Hospital alleged only that defendant invited Stanford Hospital to submit a claim, insufficient to show mutual consideration. Moving Papers, p. 6. Stanford Hospital, however, did allege more than just defendant's invitation to submit a claim. Stanford expressly alleged defendant verified the insurance coverage for Patient <u>and</u> that an authorization for those services was not required. Complaint ¶ 9. Allegations that a health insurer provided verification of insurance coverage and authorization to perform medical services to a hospital <u>are sufficient</u> to support a cause of action for breach of contract. <u>Cedars-Sinai Medical Center v. National League of Postmasters</u>, 497 F.3d 972, 981 (9th Cir. 2007). Stanford Hospital also alleged defendant agreed to pay for the medical services rendered to Patient, (Complaint ¶ 14,) and that the terms of the oral contract were that Stanford Hospital would provide medical treatment to Patient and defendant would pay for those services. Complaint ¶ 17. Stanford Hospital, therefore, sufficiently plead that the parties mutually consented to the agreement.

As to the second prong, defendant contends Stanford Hospital failed to plead the existence of "bargained for" consideration. Moving Papers, p. 7.

opposition to motion to dismiss.doc — - 5 - — OPPOSITION TO DEFENDANT'S MOTION TO DIMSISS

1  Under California law, defendant received consideration for its promise to pay both
2  when Stanford Hospital changed its legal position by rendering care to Patient, but
3  also when such acts helped defendant fulfill its duty to Patient under the terms of
4  Patient's health plan with defendant. Cal.Civ.Code § 1605 ("Any benefit
5  conferred…upon the promisor, by any other person, to which the promisor is not
6  lawfully entitled, or any prejudice suffered … by such person…as an inducement
7  to the promisor, is good consideration for a promise.")

## V.
## STANFORD HOSPITAL PROPERLY PLEAD A CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

13  Defendant next contends Stanford Hospital did not adequately plead a
14  cause of action for negligent misrepresentation on two grounds: i) Stanford
15  Hospital failed to plead the cause of action with particularity; and, ii) Stanford
16  Hospital failed to allege any positive misrepresentations. Moving Papers, pp. 8-10.

18  As to the first ground, Fed. Rules of Civ. P. ("Rule") 9(b) does require
19  that the circumstances regarding fraud or mistake be plead with particularity.
20  However, the particularity requirement is satisfied if the pleading "identifies the
21  circumstances constituting fraud (or mistake) so that the defendant can prepare an
22  adequate answer from the allegations." Moore v. Kayport Package Express, Inc.
23  885 F.2d 531, 540 (9th Cir. 1989). Here, Stanford Hospital's Complaint meets that
24  requirement.

26  Stanford Hospital alleged that during Patient's admission it contacted
27  defendant's agent who informed Stanford Hospital that Patient was insured by
28  defendant. Complaint ¶ 9. Stanford Hospital also alleged that defendant's agent

1  stated defendant would pay for medical services Stanford Hospital rendered to
2  Patient. Complaint ¶¶ 14, 24. In other words, the method (telephone call), date
3  (during Patient's admission), parties (the admissions person at Stanford Hospital
4  and defendant's hospital liaison), and substance of the misrepresentation (that
5  defendant would pay) were all alleged. Thus, the allegations in the Complaint are
6  particular enough so that defendant can prepare an answer to the allegations.
7  Should this Court conclude otherwise, Stanford Hospital asks for leave to amend
8  the complaint accordingly.

10  As to the second ground, defendant contends Stanford Hospital did
11  not allege a positive assertion on which the alleged misrepresentation is based.
12  Moving Papers, p. 10. Defendant incorrectly contends Stanford Hospital alleged
13  merely that Patient was an enrollee of a health plan sponsored or underwritten by
14  defendant and that defendant requested Stanford Hospital submit a claim.
15  However, Stanford Hospital also alleged that defendant stated that it "would pay"
16  for the claim. Complaint ¶ 14. As discussed previously, allegations that a health
17  insurer provided verification of insurance coverage and authorization to perform
18  medical services to a hospital are sufficient to support a cause of action for breach
19  of contract. <u>Cedars-Sinai Medical Center v. National League of Postmasters</u>, 497
20  F.3d 972, 981 (9th Cir. 2007). Thus, in verifying coverage and not requiring
21  authorization of services, defendant did make a "positive assertion" that it would
22  pay for the services rendered to Patient.

## VI.
## **STANFORD HOSPITAL PROPERLY PLEAD A CAUSE OF ACTION FOR COMMON COUNTS**

28  Defendant next contends that since Stanford Hospital failed to

1  properly plead its first two causes of action, Stanford Hospital's cause of action for
2  common counts, an alternative to the first two causes of action, also must fail.
3  Moving Papers, p. 11.  Stanford Hospital agrees it pled its cause of action for
4  common counts as an alternative form of relief to the other contract based causes
5  of action.  However, since the other causes of action <u>were</u> properly plead as shown
6  above, this cause of action necessarily must survive.

## VII.
## <u>STANFORD HOSPITAL'S FIRST AND THIRD CAUSES OF ACTION ARE NOT TIME-BARRED</u>

12  Defendant's last argument posits Stanford Hospital's first and third
13 causes of action are time-barred based upon a two-year statute of limitation for
14 breach of oral contract.  Moving Papers, pp. 12-13.  Stanford Hospital filed its
15 Complaint on August 3, 2007.  Defendant contends Patient's claim was "denied"
16 on July 28, 2005.  However, to support that contention, defendant ventured outside
17 the four corners of the Complaint by attaching an unsigned letter dated <u>September
18 20, 2005</u>.  Declaration of Joseph M. Rimac, Exhibit A (In other words, defendant's
19 counsel is the only authenticator of that "fact").

21  When ruling on a Rule 12(b)(6), a court must look to the face of the
22 complaint and cannot consider materials outside the complaint.  <u>Arpin v. Santa
23 Clara Valley Transp. Agency</u>, 261 F.3d 912, 925 (9th Cir. 2001).  By trying to
24 contradict an allegation in the Complaint by attaching extraneous "evidence,"
25 defendant patently violates the rule that well pled facts are to be considered true.

27  Paradoxically, even if the letter were admissible, its date of September
28 20, 2005 proves Stanford Hospital filed the Complaint <u>within</u> the limitations

1 period, not outside it.  Although, the letter states in hearsay outside any exception
2 that defendant denied the claim on July 28, 2005, it does not state when defendant
3 gave notice of that denial to Stanford Hospital.  Thus, the only fact that can be
4 inferred from that letter is that September 20, 2005 (the date of the letter itself) was
5 the first date defendant notified Stanford Hospital of that denial.  A statute of
6 limitation does not begin to run until plaintiff has knowledge of the injury that
7 leads to litigation.  <u>April Enterprises, Inc. v. KTTV</u>, 147 Cal.App.3d 805, 831-33
8 (2nd Dist. 1983).  Thus, since the ostensible date of injury (i.e. September 20, 2005)
9 is within the limitations period, defendant's improper subversion of established
10 ruled of civil procedure proves this segment of defendant's motion to dismiss lacks
11 any basis at all.

## VIII.
## CONCLUSION

16 Stanford Hospital sufficiently pled each of its three causes of action in
17 its Complaint.  Thus, this motion ought to be denied and defendant ordered to
18 answer the Complaint.  Nevertheless, if the Court is inclined to grant any part of
19 this motion, Stanford Hospital requests leave to amend the Complaint to correct
20 any perceived deficiency.

22 ///
23 ///
25 ///
26 ///
28 ///

Dated: 28 December 2007

STEPHENSON, ACQUISTO & COLMAN

/s/ LEO LUEVANOS

---

LEO LUEVANOS
Attorneys for
STANFORD HOSPITAL AND CLINICS,
a California non-profit public benefit corporation

# **PROOF OF SERVICE**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 303 North Glenoaks Boulevard, Suite 700, Burbank, California 91502-3226.

On **December 28, 2007**, I served the foregoing document(s) described as **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joseph M. Rimac, Esq.
Rimac & Martin
1051 Divisadero Street
San Francisco, CA 94115
**Attorney for Defendant
NGS American, Inc.**

[ ] REGULAR MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. [C.C.P. 1013a(3); F.R.C.P. 5(b)]

[ X ] BY OVERNIGHT FEDERAL EXPRESS DELIVERY: I caused such envelope(s), with overnight Federal Express Delivery Charges to be paid by this firm, to be deposited with the Federal Express Corporation at a regularly maintained facility on the aforementioned date. [C.C.P. 1013(c) 1013(d)]

[ X ] <u>Federal:</u> I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 28, 2007**, at Burbank, California.

                                                /s/ Karine Isagulyan
                                                  Karine Isagulyan

opposition to motion to dismiss.doc — 11 — OPPOSITION TO DEFENDANT'S MOTION TO DIMSISS