**E-filed 1/23/08**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HOSPITAL AND CLINICS,<br><br>Plaintiff,<br><br>v.<br><br>MULTINATIONAL UNDERWRITERS, INC., and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants. | Case Number C-07-05497 JF<br><br>ORDER GRANTING IN PART WITH LEAVE TO AMEND AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS<br><br>[re: doc. no. 8] |

Defendant Multinational Underwriters, LLC ("Multinational") moves to dismiss Plaintiff's complaint. The Court has considered the moving and responding papers and the oral arguments presented at the hearing. For the reasons discussed below, the motion will be granted in part with leave to amend and denied in part without prejudice.

## I. BACKGROUND

The following facts are alleged in the complaint. Plaintiff Stanford Hospital and Clinics ("Stanford") admitted a patient to its facility on July 4, 2005. The patient was discharged from Stanford Hospital on July 6, 2005. During the patient's stay, Stanford rendered medically necessary services, equipment, and supplies to the patient.

During the patient's admission process, Stanford contacted Multinational and/or Multinational's agent to verify the patient's health coverage. Multinational and/or Multinational's agent confirmed that the patient was an enrollee of a health plan sponsored or underwritten by Multinational. Multinational and/or Multinational's agent confirmed that authorization of services provided was not required and that Stanford should submit its claim. Stanford's charges for rendering medically necessary services, equipment, and supplies to the patient from July 4, 2005 through July 6, 2005 amounted to $76,590.49. On or about July 12, 2005, Stanford submitted the final bill to Multinational for payment. After receiving the bill, Multinational stated that it would not pay any amount as it did not cover services rendered in the United States or Canada under the patient's policy. Stanford attempted unsuccessfully to resolve the matter with Multinational.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir. 1986).

## III. DISCUSSION

**A.    Statute of Frauds**

Multinational argues that Stanford's first and second claims for "breach of oral contract" and "negligent misrepresentation" should be dismissed because California's statute of frauds requires that such obligations be in writing. Stanford argues that the statute of frauds does not apply in the instant case.

The relevant statute provides in pertinent part:

a) The following contracts are invalid, unless they, or some note or memorandum thereof,

are in writing and subscribed by the party to be charged or by the party's agent:
...
(2) A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in Section 2794.

Cal. Civ. Code § 1624.

In this case, Stanford alleges that Multinational operates a health plan and that the patient to whom the medical services at issue were rendered was an enrollee of that health plan. *See* Complaint at ¶7. Stanford alleges that it "reasonably relied on Multinational's and/or Multinational's agents representations that Multinational would pay for medical services rendered to Patient." Complaint at ¶14. Thus, Stanford is not alleging that Multinational made a special promise to pay the debt of another. Rather, it alleges that Multinational made a direct promise.

In *Cedars-Sinai Medical Center v. National League of Postmasters*, 497 F.3d 972 (9th Cir. 2007), the Ninth Circuit noted that a health insurer was contractually obligated to pay for medical treatment received by its enrollee when it represents to a medical services provider that it will cover the enrollee. While Multinational argues that *Cedars-Sinai* is distinguishable because there was a formal contract between Cedars-Sinai and the insurance provider in that case, the Ninth Circuit nonetheless concluded that Cedars-Sinai's claims arose from the insurance provider's representation that a patient was covered by the provider's health plan. *Id.* at 981. The representation, not the formal contract, established the obligation in question.

**B.    Oral Contract**

Multinational next argues that the complaint does not allege a valid oral contract. Specifically, Multinational contends that Stanford has not pled either consent or consideration sufficiently.

**1.    Consent**

Under California law, parties must communicate their mutual consent in order to enter into a contract. *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir. 1996). Consent is not mutual unless the parties agree upon the same thing in the same sense. *Khajavi v. Feather River Anesthesia Medical Group*, 84 Cal. App. 4th 32, 60 (2000).

1    Multinational contends that Stanford alleges only that Multinational invited Stanford to
2 submit a claim.  However, in fact Stanford alleges that Multinational notably verified the
3 insurance coverage for the patient but also stated that an authorization for the services was not
4 required.  Complaint at ¶ 9.  Stanford also alleges that Multinational agreed to pay for the
5 medical services rendered to the Patient, Complaint at ¶14, and that the terms of the oral contract
6 were that Stanford would provide medical treatment to the patient and that Multinational would
7 pay for those services.  Complaint at ¶ 17.  Accordingly, treating the allegations in the complaint
8 as true, Stanford has pled sufficiently that the parties mutually consented to the agreement that
9 Stanford would provide medical treatment to the patient and Multinational would pay for those
10 services.

**2.    Consideration**

12    Multinational argues that Stanford has not alleged any benefit conferred upon it or a
13 bargained-for exchange and therefore Stanford has not alleged sufficient consideration to
14 establish a contractual agreement.  Stanford replies that Multinational received consideration for
15 its promise to pay when Stanford Hospital changed its legal position by rendering care to the
16 patient.

17    Under California law, "[a]ny benefit conferred . . . upon the promissory, by any person, to
18 which the promissory is not lawfully entitled, or any prejudice suffered . . . by such person . . . as
19 an inducement to the promissory, is good consideration for a promise."  Cal. Civ. Code § 1605.
20 In the instant case, the complaint states that "[Stanford] was induced not to make other financial
21 arrangements to obtain payment for the medical services, equipment, and supplies eventually
22 rendered to Patient."  Complaint at ¶ 14.  Accordingly, viewing the allegations in the complaint
23 as true, Stanford has sufficiently pled consideration.

**C.    Negligent Misrepresentation.**

25    Multinational asserts that the Court should dismiss Stanford's claim for negligent
26 misrepresentation on the separate grounds that Stanford failed to plead this claim with
27 particularity.  Federal Rule of Civil Procedure 9(b) requires that claims based upon fraud or
28 mistake be pled with particularity.  The particularity requirement is satisfied if the pleading

4

"identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Multinational asserts that:

> Plaintiff alleges a general time, because to state the specific date would show that the medical treatment provided to patient occurred largely before Plaintiff contacted MNU. Plaintiff also fails entirely to allege when the claim was denied, because to do so would show it had failed to satisfy the statute of limitation on breach of an oral contract. Plaintiff does not identity who at MNU purportedly made the statements alleged, nor does it allege other then generally that MNU stated Patient had some form of insurance through MNU, that authorization of services was unavailable, and that Plaintiff would need to submit a claim. Plaintiff does not allege who at Stanford Hospital the alleged misrepresentations were made.

Reply, pg. 10.

The Court agrees that such details are required under Rule 9(b). Accordingly, the Court will grant Multinational's motion to dismiss Stanford's claim for negligent misrepresentation, with leave to amend.

### D. Statute of Limitations

Finally, Multinational argues that Stanford's claim of a breach of oral contract is time-barred based upon a two-year statute of limitations. Multinational attaches a letter dated September 20, 2005, which states that Multinational denied the claim on July 28, 2005. However, this letter does not state when notice of the denial was given to Stanford. The only fact that can be inferred from the letter is that Stanford received notice of the denial on or after September 20, 2005. As stated above, Stanford must amend its factual allegations concerning the denial of the claim; Multinational's motion thus will be denied without prejudice.

### E. Common Counts

Multinational alleges that because Stanford has failed to state its first two claims for relief, Stanford's third claim for common counts also should be dismissed. Stanford acknowledges that it has asserted the claim in the alternative. Accordingly, the Court's ruling with respect to the common counts will be denied without prejudice pending Stanford's amendment of its complaint.

5

Case No. C-07-5497 JF
ORDER RE MOTION TO DISMISS
(JFLC3)

**IV. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss by Multinational is granted in part with leave to amend and denied in part without prejudice.

IT IS SO ORDERED.

DATED: January 23, 2008

JEREMY FOGEL
United States District Judge