1  **RIMAC & MARTIN**
   A Professional Corporation
2  JOSEPH M. RIMAC (SBN 72381)
   WILLIAM REILLY (SBN 177550)
3  KEVIN G. GILL (SBN 226819)
   1051 Divisadero Street
4  San Francisco, CA 94115
   Telephone: (415) 561-8440
5  Facsimile:  (415) 561-8430
   *josephrimac@rimacmartin.com*
6  *w_reilly@rimacmartin.com*
   *kgill@rimacmartin.com*
7
   Attorneys for Defendant
8  MULTINATIONAL UNDERWRITERS, LLC

9

10                  **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12                         **SAN JOSE DIVISION**

13

14                                                  ***E-FILING***

15 STANFORD HOSPITAL AND CLINICS,    )
                                     )  **CASE NO. C 07-05497 JF**
16              Plaintiff,           )
                                     )  **ANSWER**
17      vs.                          )
                                     )
18 MULTINATIONAL UNDERWRITERS, INC.  )
                                     )
19              Defendants           )
   _____)
20

21     Defendant MULTINATIONAL UNDERWRITERS, LLC. (erroneously sued and served

22 herein as Multinational Underwriters, Inc.), in answer to the Complaint of plaintiff STANFORD

23 HOSPITAL AND CLINICS ("plaintiff"), denies each and every allegation contained in the

24 complaint except those expressly admitted below, and avers as follows:

25     1.    Responding to paragraph 1 of the Complaint, defendant admits that plaintiff is a

26 non-profit corporation organized and existing pursuant to the laws of the state of California, with

27 principal place of business in Stanford, California. Plaintiff also admits that Stanford Hospital

28 provides medical care to patients. Except as so admitted, defendant is without sufficient

                                      **-1-**

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

  2.  Responding to paragraph 2 of the Complaint, defendant admits that Multinational Underwriters, LLC is a limited liability company organized in Wisconsin, with principal place of business in Indianapolis, Indiana. Except as so admitted, defendant denies each and every allegation contained in the said paragraph.

  3.  Responding to paragraph 3 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

  4.  Responding to paragraph 4 of the Complaint, defendant denies each and every allegation contained therein.

  5.  Responding to paragraph 5 of the Complaint, defendant denies each and every allegation contained therein.

  6.  Responding to paragraph 6 of the Complaint, paragraph 6 contains no charging allegations, but merely states that defendant and the unidentified DOE defendants (which are inappropriate in federal court) will collectively be referred to as "Multinational." Defendant does not adopt plaintiff's characterization, and will respond to the Complaint only for defendant MULTINATIONAL UNDERWRITERS, LLC, not for the purported, unknown, unnamed DOE defendants that plaintiff has improperly included in its definition of "Multinational." To the extent that plaintiff intends any factual allegations in paragraph 6, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

  7.  Responding to paragraph 7 of the Complaint, defendant denies each and every allegation contained in the said paragraph.

  8.  Responding to paragraph 8 of the Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

///

ANSWER    CASE NO. C 07-05497 JF

1       9.      Responding to paragraph 9 of the Complaint, defendant denies each and every

2 allegation contained in the said paragraph.

3       10.      Responding to paragraph 10 of the Complaint, defendant is without sufficient

4 knowledge or information to form a belief as to the truth of the allegations contained in said

5 paragraph, and on that basis denies each and every allegation contained therein.

6       11.      Responding to paragraph 11 of the Complaint, defendant denies each and every

7 allegation contained in the said paragraph.

8       12.      Responding to paragraph 12 of the Complaint, defendant denies each and every

9 allegation contained in the said paragraph.

10       13.      Responding to paragraph 13 of the Complaint, defendant admits that it paid zero

11 dollars to plaintiff for any services plaintiff might have rendered to the alleged Patient.  Except as

12 so admitted, defendant denies each and every allegation contained in the said paragraph.

13       14.      Responding to paragraph 14 of the Complaint, defendant denies each and every

14 allegation contained therein.

15       15.      Responding to paragraph 15 of the Complaint, defendant denies each and every

16 allegation contained therein.

17       16.      Responding to paragraph 16 of the Complaint, defendant hereby incorporates

18 paragraphs 1 through 15 of its Answer as if fully set forth herein.

19       17.      Responding to paragraph 17 of the Complaint, defendant denies each and every

20 allegation contained in the said paragraph.

21       18.      Responding to paragraph 18 of the Complaint, defendant denies each and every

22 allegation contained in the said paragraph.

23       19.      Responding to paragraph 19 of the Complaint, defendant denies each and every

24 allegation contained in the said paragraph.

25       20.      Responding to paragraph 20 of the Complaint, defendant denies each and every

26 allegation contained in the said paragraph.

27       21.      Responding to paragraph 21 of the Complaint, defendant denies each and every

28 allegation contained in the said paragraph, and denies that plaintiff has been damaged as alleged,

1 in any amount, or at all.

2     22. Plaintiff's second cause of action for negligent misrepresentation, including
3 paragraph 22 of the Complaint, has been dismissed, and no response is required. Nevertheless,
4 defendant hereby incorporates paragraphs 1 through 15 of its Answer as if fully set forth herein.

5     23. Plaintiff's second cause of action for negligent misrepresentation, including
6 paragraph 23 of the Complaint, has been dismissed, and no response is required. Nevertheless,
7 defendant denies each and every allegation contained therein.

8     24. Plaintiff's second cause of action for negligent misrepresentation, including
9 paragraph 24 of the Complaint, has been dismissed, and no response is required. Nevertheless,
10 defendant denies each and every allegation contained therein.

11     25. Plaintiff's second cause of action for negligent misrepresentation, including
12 paragraph 25 of the Complaint, has been dismissed, and no response is required. Nevertheless,
13 defendant denies each and every allegation contained therein.

14     26. Plaintiff's second cause of action for negligent misrepresentation, including
15 paragraph 26 of the Complaint, has been dismissed, and no response is required. Nevertheless,
16 defendant denies each and every allegation contained therein.

17     27. Plaintiff's second cause of action for negligent misrepresentation, including
18 paragraph 27 of the Complaint, has been dismissed, and no response is required. Nevertheless,
19 defendant denies each and every allegation contained therein.

20     28. Plaintiff's second cause of action for negligent misrepresentation, including
21 paragraph 28 of the Complaint, has been dismissed, and no response is required. Nevertheless,
22 defendant denies each and every allegation contained therein.

23     29. Plaintiff's second cause of action for negligent misrepresentation, including
24 paragraph 29 of the Complaint, has been dismissed, and no response is required. Nevertheless,
25 defendant denies each and every allegation contained therein.

26     30. Responding to paragraph 30 of the Complaint, defendant hereby incorporates
27 paragraphs 1 through 15 of its Answer as if fully set forth herein.
28 / / /

31.   Responding to paragraph 31 of the Complaint, defendant denies each and every allegation contained in the said paragraph.

32.   Responding to paragraph 32 of the Complaint, defendant denies each and every allegation contained in the said paragraph.

33.   Responding to paragraph 33 of the Complaint, defendant denies each and every allegation contained in the said paragraph.

34.   Responding to paragraph 34 of the Complaint, defendant denies each and every allegation contained in the said paragraph, and denies that plaintiff has been damaged as alleged, in any amount, or at all.

35.   Responding to plaintiff's Prayer for Relief, paragraph 1 of the Complaint, defendant denies that plaintiff has been damaged as alleged, in any amount, or at all.

36.   Responding to plaintiff's Prayer for Relief, paragraph 2 of the Complaint, defendant denies that plaintiff has been damaged as alleged, in any amount, or at all.

37.   Responding to plaintiff's Prayer for Relief, paragraph 3 of the Complaint, defendant denies that plaintiff has been damaged as alleged, in any amount, or at all, or that it is entitled to any relief whatsoever.

## NEW MATTER:   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

1.   The first claim for relief, for breach of oral contract, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

2.   The second claim for relief, for negligent misrepresentation, fails to state a claim upon which relief can be granted, and has already been dismissed by the Court.

/ / /

/ / /

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

3. The third claim for relief, for common counts, fails to state a claim upon which relief can be granted, and has been dismissed by the Court.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff has suffered no damage generally)**

4. Plaintiff has suffered no damage or injury by reason of any acts alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Plaintiff has suffered no damage specifically)**

5. Plaintiff has suffered no damage or injury by reason of any acts or omissions of this answering defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(No damage from this answering defendant)**

6. To the extent Plaintiff suffered damages, if any, said damages resulted from the acts of third parties over whom this answering defendant had no control. By reason thereof, this answering defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

7. By providing services to the alleged Patient and then purportedly pursuing recompense for those services from defendant only, rather than also pursuing other available sources, including the alleged Patient him or herself, plaintiff assumed the risk that it would not be compensated for the services it allegedly rendered to the alleged Patient.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No breach of agreement)**

8. Defendant did not breach any agreement.

///
///

### NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

9. Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged within the complaint, and Plaintiff is therefore barred entirely from recovery against Defendant or alternatively, Plaintiff should have the recovery, if any, proportionately reduced.

### TENTH AFFIRMATIVE DEFENSE

### (Conduct done in good faith)

10. The conduct set forth in Plaintiff's Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and no action may be taken against this answering defendant on account of such conduct, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

11. Plaintiff was negligent in and about the matters alleged in the complaint, and this negligence and wrongful conduct was the proximate cause of Plaintiff's damages, if any. Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which Plaintiff's negligence and/or the wrongful conduct of Plaintiff's agents, contributed to the damages complained of.

### TWELFTH AFFIRMATIVE DEFENSE

### (Defendant Not Party to Underlying Contract)

12. This answering defendant is not a party to the underlying contract between plaintiff and the alleged Patient, and has no obligations or potential liability under the contract.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13. By conduct, representations and omissions as to the alleged telephone conversation forming the basis of plaintiff's claims, plaintiff is equitably estopped to assert any claim for relief against this answering defendant respecting the matters which are the subject of the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

14. Plaintiff is barred from recovering any damages or other relief by reason of the failure of consideration that defeats the effectiveness of the alleged oral contract.

15. Plaintiff did not provide anything to defendant or to any person to whom defendant owed a duty, in exchange for the alleged promise to pay the bills of the alleged Patient, defendant is not otherwise obligated to pay anything to plaintiff, and no consideration lies for maintaining any obligation on the part of these defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

16. Plaintiff has failed to mitigate its alleged damages, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Illusory)**

17. Plaintiff is barred from recovering any damages or other relief by reason of the illusory nature of the alleged oral contract which defeats the effectiveness of the alleged oral contract between the parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Inadequate Consideration)**

18. Plaintiff is barred from recovering any damages or other relief by reason of the inadequacy of consideration that defeats the effectiveness of the alleged oral contract between the parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Inapplicable law)**

19. Plaintiff's claims are barred, in whole or in part, to the extent the alleged actions of this answering defendant are interstate transactions to which California statutory law may not apply.

/ / /

/ / /

### NINETEENTH AFFIRMATIVE DEFENSE

**(Laches)**

20. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff unreasonably failed to pursue payment from other available sources, instead purportedly electing to pursue this defendant only. Such unreasonable delay is without good cause and has substantially prejudiced this answering defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Lack of Consent)**

21. Plaintiff is barred from recovering any damages or relief by the lack of consent to the obligation.

22. Plaintiff did not obtain defendant's consent to pay for the services rendered to the alleged Patient, either before, during or after the alleged rendering of said services.

23. Because plaintiff did not obtain the consent of defendant to the alleged oral contract, the contract is unenforceable as lacking in consent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Lack of Consideration)**

24. Plaintiff fails to allege any valid consideration in support of the formation of the alleged oral agreement.

25. Defendant had no obligation to pay for the services allegedly rendered to the alleged Patient, and did not receive any consideration for its alleged oral agreement to pay for said services.

26. Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration that defeats the effectiveness of the alleged oral agreement between the parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Lack of Mutuality of Obligation)**

27. Plaintiff is barred from recovering any damages or relief by the lack of mutuality of the obligation.

28. Defendant did not obligate itself to plaintiff in any way by plaintiff's alleged rendering of services to the alleged Patient, because defendant had no obligation to pay for the services allegedly rendered to the alleged Patient.

29. Nor did defendant request or receive any obligation from plaintiff.

30. Because plaintiff offered no obligation or benefit to defendant or to any person to whom defendant owed a duty, the contract is unenforceable as lacking in mutuality.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Mistake)**

31. The complaint is barred by reason of the provisions of sections 1567, 1576, 1577, and 1578 of the Civil Code respecting mistake of fact and law.

32. Specifically, plaintiff would have been aware at the time it allegedly contacted defendant that it would treat any confirmation that the alleged Patient held any form of insurance obtained through defendant (though no such insurance is alleged in the Complaint) as a separate agreement to pay whatever sums plaintiff decided to charge for the services allegedly rendered to the alleged Patient, but plaintiff failed to inform defendant of this understanding and intended purpose.

33. As a result of defendant's mistaken belief that it was neither affirming coverage nor agreeing to an independent obligation to pay for the services rendered to any patient, including the alleged Patient, defendant, which is not an insurer but rather an insurance plan administrator, has been harmed.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(No Duty)**

34. Defendant had no duty to pay for the services rendered by plaintiff to the alleged Patient.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No force or effect)**

35. The purported oral contract is vague, ambiguous, overbroad, unenforceable, void, and of no force or effect in all respects.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(One who seeks equity must do equity)**

36. No relief may be obtained under the complaint by reason of the Plaintiff's failure to do equity in the matters alleged in the complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff Suffered No Loss Under any Applicable Insurance Policy)**

37. The Complaint does not identify any insurance policy at all, let alone any applicable insurance policy.

38. Defendant is unaware of any policy provided to the alleged Patient that would result in any obligation on the behalf of defendant to pay any amounts of money to plaintiff for the alleged treatment by plaintiff of the alleged Patient.

39. Notwithstanding that fact, and without waiving the fact that no obligations are owed to plaintiff, plaintiff has not identified any policy that would provide coverage for the alleged loss.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Rejection of Offer)**

40. Defendant's alleged refusal to pre-certify the services rendered to the alleged Patient and alleged instruction to plaintiff to submit a claim before coverage would constitute a rejection of plaintiff's offer to provide services to any patient, including the alleged Patient, in exchange for pre-certification, as such a statement, if made, would demonstrate to plaintiff that coverage was conditioned on the subsequent submittal of a claim and the analysis of that claim under the terms of any identified insurance policy (which none has been identified in the Complaint).

41. Defendant's alleged subsequent denial of plaintiff's claim would demonstrate a further rejection of plaintiff's alleged offer that defendant pay the debts allegedly incurred by the alleged Patient, if any such offer had been made, which it was not.

/ / /

/ / /

ANSWER                                                                                     CASE NO. C 07-05497 JF

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Restitution Unavailable)**

42. Plaintiff's claims for restitution fail because this answering defendant did not accrue, directly or indirectly, any monetary benefit and/or property from Plaintiff.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

43. Plaintiff's claims are barred by the statute of frauds, including the provisions contained in Civil Code § 1624 and Code of Civil Procedure § 1974.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

44. Plaintiff's complaint, and each purported claim for relief contained therein, is barred by the applicable statute of limitations under CCP §§ 339 and/or 337.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

45. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and by reason of the unconscionability of the Plaintiff's acts and claims.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

46. Plaintiff's conduct bars, estopps and/or constitutes a waiver of the claims asserted in the Complaint.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Willfully Invited Injury)**

47. By failing to pursue payment from the alleged Patient, or other available sources, and instead choosing to pursue only this answering defendant based, not on any applicable insurance policy, but solely in reliance on a single, alleged telephone conversation, plaintiff willfully invited the injury complained of.

48. By reason thereof, this answering defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

49. This answering defendant reserves the right to assert additional affirmative defenses should it become aware of additional defenses during the course of this litigation.

**WHEREFOR**, defendant MULTINATIONAL UNDERWRITERS, LLC prays for judgment as follows:

1. That plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of defendant;

2. That defendant be awarded his costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

DATED: March 7, 2008          RIMAC & MARTIN,
                              *a Professional Corporation*


                      By:     /s/ **JOSEPH M. RIMAC**
                              JOSEPH M. RIMAC
                              Attorneys for Defendant
                              MULTINATIONAL UNDERWRITERS, LLC.