```
 1  STEPHENSON, ACQUISTO & COLMAN
    JOY Y. STEPHENSON, ESQ. (SBN 113755)
 2  BARRY SULLIVAN, ESQ.   (SBN 136571)
 3  LEO LUEVANOS, ESQ.     (SBN 198372)
    303 N. Glenoaks Blvd., Suite 700
 4  Burbank, CA 91502
 5  Telephone:  (818) 559-4477
    Facsimile:  (818) 559-5484
 6
 7  Attorneys for Plaintiff
    STANFORD HOSPITAL AND CLINICS, a
 8  Corporation non-profit public benefit corporation
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HOSPITAL AND CLINICS, a Corporation non-profit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MULTINATIONAL UNDERWRITERS, LLC, a Wisconsin Limited Liability Company; and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants. | Case No.: C 07-05497 JF<br><br>**STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between plaintiff Stanford Hospital and Clinics ("Stanford Hospital"), by and through Stephenson, Acquisto & Colman, its attorneys of record and Defendant MultiNational Underwriters, LLC ("MNU"), by and through Rimac & Martin, PC, its attorneys of record, that:

1. This agreement shall apply to the above-captioned matter.

2. This agreement shall bind plaintiff Stanford Hospital and defendant MNU, and all agents, attorneys, consultants and representatives of said parties.

3. The designation of information as "CONFIDENTIAL" shall be limited to information that a producing party, in good faith, believes to contain:

   (a) confidential and identifiable health information of an enrollee (or putative enrollee) of an insurance policy obtained through defendant, such as a patient's name, address, social security number or other identifying information, that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or other similar statutory or regulatory privacy protections; or

   (b) personal financial information of an enrollee (or putative enrollee) of an insurance policy obtained through defendant; or

   (c) current or past personnel or employee information of either plaintiff or defendant; or

   (d) information that should otherwise be subject to

confidential treatment pursuant to applicable California law (except such information as is described in Paragraph 5, below).

4.  Information designated "CONFIDENTIAL" may be disclosed only to the following persons: (a) corporate representatives and employees of a named party; (b) in-house counsel of a named party; (c) outside counsel representing a named party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel; (d) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel; (e) an expert or consultant who (i) is retained by any attorney described in Paragraphs 4(b) or (c) to assist with the above-captioned matter, and (ii) agrees not to use nor disclose such "CONFIDENTIAL" information in any other litigation or proceeding, except for use in a proceeding which involves that named party whose "CONFIDENTIAL" information is being used to the extent that the "CONFIDENTIAL" information is discoverable and has been requested; (f) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the above-captioned matter; (g) during depositions, preparation for depositions, testimony in an arbitration hearing, and preparation for testimony in an arbitration hearing, a deposition/arbitration witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or other testimony, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or dates reflected in the document; (h) any private mediators utilized in the above-captioned matter; and (i) this or any mediator appointed for this matter.

5. This agreement does not apply to information a party deems in good faith to be so highly confidential as to be beyond the bounds of information described in Paragraph 3 above. The discovery of such highly confidential information may be objectionable, privileged, or otherwise barred by the rules of evidence or California law. Such highly confidential information includes, but is not limited to, (a) methods, procedures, and processes relating to the pricing of services or products by Respondent or Claimant; (b) marketing plans and methods; (c) business planning, financial information, and/or methods which constitute a trade secret under Cal. Civ. Code § 3426.1; (d) otherwise "CONFIDENTIAL" information (as defined in Paragraph 3), which a party believes in good faith is likely to cause competitive or commercial injury to the producing party if disclosed. Such highly confidential designation shall not prevent the non-producing party from seeking its disclosure/production by bringing in a motion on such terms as justice requires.

6. This agreement does not apply to any information: (a) already in the possession of a receiving party and not subject to any obligation of confidentiality, other than what may already be required by the terms of a document to be produced; or, (b) acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

7. All information designated "CONFIDENTIAL" in accordance with the terms of this agreement and produced or exchanged in the course of the above-captioned matter shall be used or disclosed solely for the purpose of the above-captioned matter and in accordance with the provisions of this agreement.