8.  "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement, including, without limitation, transcripts, responses to discovery requests, e-mails, pleadings, briefs, rulings from a court or arbitration panel, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's, named party's, if different, business, products, practices and procedures. Any such use shall itself be "CONFIDENTIAL" under this stipulation and agreement.

9.  Nothing in this agreement shall be construed in any way as a finding that information designated "CONFIDENTIAL" actually is "CONFIDENTIAL" information. Any named party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A named party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the above-captioned matter disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties' cannot resolve the dispute within ten (10) days of service of a written objection, the party challenging the designation may file a motion to revise the designation within another twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until court rules on the motion. The party that designated the information "CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

10. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality.

11. Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this agreement, then the receiving party shall immediately notify the disclosing/producing party or entity, and the receiving party shall then use its best efforts to obtain the return of any such "CONFIDENTIAL" information and otherwise cooperate with the disclosing party.

12. This Order/Agreement shall survive the termination of this matter and shall continue in full force and effect thereafter.

13. At the request of the producing party, all disclosed information deemed "CONFIDENTIAL" pursuant to this Agreement, and produced thereunder, shall be either destroyed or returned to the producing party within 30 days after final resolution of this action, including exhaustion of any and all appeals.

14. This Stipulation may be signed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, facsimile, and PDF format copies of such signed counterparts may be used in lieu of the originals for any purpose.

///

///

1  SO STIPULATED.

3  Dated: 4-29-08

                                    STEPHENSON, ACQUISTO & COLMAN

                                    _____
                                    LEO LUEVANOS
                                    Attorneys for
                                    STANFORD HOSPITAL AND CLINICS,
                                    a Corporation non-profit public benefit
                                    corporation

14 SO STIPULATED.

16 Dated: 4-29-08

                                    RIMAC & MARTIN, A Professional
                                    Corporation

                                    _____
                                    KEVIN G. GILL
                                    Attorneys for MULTINATIONAL
                                    UNDERWRITERS, LLC, a Wisconsin
                                    Limited Liability Company

| | |
|---|---|
| 1 | **[PROPOSED] PROTECTIVE ORDER** |
| 2 | For good cause showing IT IS SO ORDERED that the production |
| 3 | and/or disclosure of the information identified as "CONFIDENTIAL" shall be |
| 4 | protected from disclosure to third parties in the manner specified therein. |

6  Dated: _____

                                            _____
                                            Judge of the United States District Court
                                            for the Northern District of California

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 303 North Glenoaks Boulevard, Suite 700, Burbank, California 91502-3226.

On **April 30, 2008**, I served the foregoing document(s) described as **STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED\ PROTECTIVE ORDER** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kevin G. Gill, Esq.
Rimac & Martin, a Professional Corporation
1051 Divisadero Street
San Francisco, CA 94115
**Attorney for Defendant NGS American, Inc.**

[ X ]  REGULAR MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. [C.C.P. 1013a(3); F.R.C.P. 5(b)]

[ ]  BY OVERNIGHT FEDERAL EXPRESS DELIVERY: I caused such envelope(s), with overnight Federal Express Delivery Charges to be paid by this firm, to be deposited with the Federal Express Corporation at a regularly maintained facility on the aforementioned date. [C.C.P. 1013(c) 1013(d)]

[ ]  BY TELECOPIER: Service was effected on all parties at approximately 3:38 pm by transmitting said document(s) from this firm's facsimile machine (818/559-4477) to the facsimile machine number(s) shown above. Transmission to said numbers was successful as evidenced by a *Transmission Report* produced by the machine indicating the documents had been transmitted completely and without error. [C.R.C. Nº 2008(e), C.C.P. 1013(e)]

[ X ]  <u>Federal</u>: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 30, 2008**, at Burbank, California.

*/s/ Karine Isagulyan*
Karine Isagulyan

pos.doc — - 9 - — STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] PROTECTIVE ORDER