```
STEPHENSON, ACQUISTO & COLMAN
JOY Y. STEPHENSON, ESQ.    (SBN 113755)
BARRY SULLIVAN, ESQ.       (SBN 136571)
LEO LUEVANOS, ESQ.         (SBN 198372)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:  (818) 559-4477
Facsimile:  (818) 559-5484
```

Attorneys for Plaintiff
STANFORD HOSPITAL AND CLINICS, a
Corporation non-profit public benefit corporation

**FILED**
APR 30 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HOSPITAL AND CLINICS, a Corporation non-profit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MULTINATIONAL UNDERWRITERS, LLC, a Wisconsin Limited Liability Company; and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants. | Case No.: C 07-05497 JF<br><br>**STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] PROTECTIVE ORDER** |

   IT IS HEREBY STIPULATED by and between plaintiff Stanford Hospital and Clinics ("Stanford Hospital"), by and through Stephenson, Acquisto & Colman, its attorneys of record and Defendant MultiNational Underwriters, LLC ("MNU"), by and through Rimac & Martin, PC, its attorneys of record, that:

---

stipulation for protective order rev.doc    - 1 -    STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER

1.  This agreement shall apply to the above-captioned matter.

2.  This agreement shall bind plaintiff Stanford Hospital and defendant MNU, and all agents, attorneys, consultants and representatives of said parties.

3.  The designation of information as "CONFIDENTIAL" shall be limited to information that a producing party, in good faith, believes to contain:

   (a) confidential and identifiable health information of an enrollee (or putative enrollee) of an insurance policy obtained through defendant, such as a patient's name, address, social security number or other identifying information, that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or other similar statutory or regulatory privacy protections; or

   (b) personal financial information of an enrollee (or putative enrollee) of an insurance policy obtained through defendant; or

   (c) current or past personnel or employee information of either plaintiff or defendant; or

   (d) information that should otherwise be subject to

confidential treatment pursuant to applicable California law (except such information as is described in Paragraph 5, below).

4. Information designated "CONFIDENTIAL" may be disclosed only to the following persons: (a) corporate representatives and employees of a named party; (b) in-house counsel of a named party; (c) outside counsel representing a named party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel; (d) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel; (e) an expert or consultant who (i) is retained by any attorney described in Paragraphs 4(b) or (c) to assist with the above-captioned matter, and (ii) agrees not to use nor disclose such "CONFIDENTIAL" information in any other litigation or proceeding, except for use in a proceeding which involves that named party whose "CONFIDENTIAL" information is being used to the extent that the "CONFIDENTIAL" information is discoverable and has been requested; (f) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the above-captioned matter; (g) during depositions, preparation for depositions, testimony in an arbitration hearing, and preparation for testimony in an arbitration hearing, a deposition/arbitration witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or other testimony, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or dates reflected in the document; (h) any private mediators utilized in the above-captioned matter; and (i) this or any mediator appointed for this matter.

5. This agreement does not apply to information a party deems in good faith to be so highly confidential as to be beyond the bounds of information described in Paragraph 3 above. The discovery of such highly confidential information may be objectionable, privileged, or otherwise barred by the rules of evidence or California law. Such highly confidential information includes, but is not limited to, (a) methods, procedures, and processes relating to the pricing of services or products by Respondent or Claimant; (b) marketing plans and methods; (c) business planning, financial information, and/or methods which constitute a trade secret under Cal. Civ. Code § 3426.1; (d) otherwise "CONFIDENTIAL" information (as defined in Paragraph 3), which a party believes in good faith is likely to cause competitive or commercial injury to the producing party if disclosed. Such highly confidential designation shall not prevent the non-producing party from seeking its disclosure/production by bringing in a motion on such terms as justice requires.

6. This agreement does not apply to any information: (a) already in the possession of a receiving party and not subject to any obligation of confidentiality, other than what may already be required by the terms of a document to be produced; or, (b) acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

7. All information designated "CONFIDENTIAL" in accordance with the terms of this agreement and produced or exchanged in the course of the above-captioned matter shall be used or disclosed solely for the purpose of the above-captioned matter and in accordance with the provisions of this agreement.

8. "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement, including, without limitation, transcripts, responses to discovery requests, e-mails, pleadings, briefs, rulings from a court or arbitration panel, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic media, databases, and any other records and reports which comprise, embody or summarize information about the producing party's, named party's, if different, business, products, practices and procedures. Any such use shall itself be "CONFIDENTIAL" under this stipulation and agreement.

9. Nothing in this agreement shall be construed in any way as a finding that information designated "CONFIDENTIAL" actually is "CONFIDENTIAL" information. Any named party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A named party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the above-captioned matter disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties' cannot resolve the dispute within ten (10) days of service of a written objection, the party challenging the designation may file a motion to revise the designation within another twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until court rules on the motion. The party that designated the information "CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

10. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality.

11. Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this agreement, then the receiving party shall immediately notify the disclosing/producing party or entity, and the receiving party shall then use its best efforts to obtain the return of any such "CONFIDENTIAL" information and otherwise cooperate with the disclosing party.

12. This Order/Agreement shall survive the termination of this matter and shall continue in full force and effect thereafter.

13. At the request of the producing party, all disclosed information deemed "CONFIDENTIAL" pursuant to this Agreement, and produced thereunder, shall be either destroyed or returned to the producing party within 30 days after final resolution of this action, including exhaustion of any and all appeals.

14. This Stipulation may be signed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, facsimile, and PDF format copies of such signed counterparts may be used in lieu of the originals for any purpose.

///

///

SO STIPULATED.

Dated: 4-29-08

STEPHENSON, ACQUISTO & COLMAN

[signature]

LEO LUEVANOS
Attorneys for
STANFORD HOSPITAL AND CLINICS,
a Corporation non-profit public benefit
corporation

SO STIPULATED.

Dated: 4-29-08

RIMAC & MARTIN, A Professional
Corporation

[signature]

KEVIN G. GILL
Attorneys for MULTINATIONAL
UNDERWRITERS, LLC, a Wisconsin
Limited Liability Company

RS
[~~PROPOSED~~] PROTECTIVE ORDER

For good cause showing IT IS SO ORDERED that the production and/or disclosure of the information identified as "CONFIDENTIAL" shall be protected from disclosure to third parties in the manner specified therein.

Dated: 4-30-08

_____
Judge of the United States District Court
for the Northern District of California