STEPHENSON, ACQUISTO & COLMAN
JOY Y. STEPHENSON, ESQ.  (SBN 113755)
BARRY SULLIVAN, ESQ.    (SBN 136571)
LEO LUEVANOS, ESQ.      (SBN 198372)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone:  (818) 559-4477
Facsimile:  (818) 559-5484

Attorneys for Plaintiff
STANFORD HOSPITAL AND CLINICS, a
California non-profit public benefit corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HOSPITAL AND CLINICS, a California non-profit public benefit corporation , <br><br> Plaintiff, <br><br> vs. <br><br> MULTINATIONAL UNDERWRITERS, LLC, a Wisconsin Limited Liability Company; and DOES 1 THROUGH 25, INCLUSIVE <br><br> Defendants | E- Filing <br><br> Case No.:   C 07-05497 JF <br><br> Assigned to the Hon. Jeremy Fogel <br><br> JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FRCP RULE 26 PRIOR TO INITIAL CASE MANAGEMENT CONFERENCE <br><br> DATE:    February 22, 2008 <br> TIME:    10:30 p.m. <br> DEPT.:   Courtroom 3 |

Plaintiff Stanford Hospital and Clinics ("Stanford") and Defendant Multinational Underwriters, LLC ("MNU") submit the following Joint Case Management Report.

1. **Jurisdiction and Service**

---

final joint case management statement (2).doc         - 1 -     JOINT CASE MANAGEMENT STATEMENT

The basis for the court's jurisdiction is diversity under 28 U.S.C. § 1441(a) as the parties are citizens of different states and the amount in controversy is over $75,000.

2.  **Facts**

Stanford asserts that this matter involves a dispute over payment for medical services provided by Stanford to an insured Stanford alleges was covered by an insurance policy issued by MNU. Stanford alleges that on July 4, 2005, Stanford admitted and treated a patient allegedly insured by MNU. The patient remained at Stanford until his discharge on July 6, 2005. During the patient's stay, Stanford alleges it called MNU and verified that the patient was insured through MNU. Stanford further alleges that MNU confirmed that an authorization of service was not required and that Stanford should submit its claim.

Stanford further asserts it submitted a claim to MNU on July 12, 2005 in the amount of $76,590.49. MNU denied the claim stating that it does not cover medical treatment received by its insured within the United States or Canada. To date, the bill remains unpaid.

MNU states that it is not the insurer, but only the administrator of the international travel policy at issue here. The patient's international travel insurance covered only medical services rendered while the patient was travelling outside the United States of America and Canada, and does not provide coverage for the claims at issue here.

MNU further states that Stanford did not make the single, brief telephone call at issue until after the majority of the services had been rendered to

patient, so under no circumstance could MNU be liable for those services. MNU further states that all that occurred during that single, brief telephone conversation was that Stanford inquired about preauthorization (for services that had in fact been already rendered) and MNU responded that preauthorization was not available, but that Stanford would have to submit a claim.

MNU further states that it denied Stanford's claim on July 18, 2005.

3.  **Legal Issues**

Did the phone call in which Stanford received verification of coverage and that authorization of treatment was not required form a contract by which Stanford would treat the patient and MNU became obligated to pay for that treatment?

By failing to contact MNU prior to the provision of services, did Stanford waive any right to claim that a contract had been made for the rendering of those services?

By refusing to pay for services rendered to patient (both before and after the alleged contract formation), did MNU breach the parties' alleged oral contract?

If MNU does not insure patient, did MNU negligently represent it did when Stanford called to verify benefits?

If MNU does not insure patient, was Stanford negligent in ascertaining what patient's insurance coverage actually was?

Was Stanford put on notice of the nature of the international travel insurance policy by patient or any information patient provided to Stanford prior to the alleged telephone call, negating any alleged oral contract?

Is Stanford's claim time barred by the statute of limitations for breach of oral contract?

4. **Motions**

MNU has filed a motion to dismiss which was granted as to Stanford's second cause of action for negligent misrepresentation with leave to amend. Stanford is planning to file a motion for leave to amend the complaint once it has conducted discovery in order to properly plead a cause of action for negligent misrepresentation.

MNU plans to file a second motion to dismiss once Stanford files its amended complaint. MNU also plans to file a motion for summary judgment.

5. **Amendment of Pleading**

A First Amended Complaint will be filed after Stanford has the opportunity to issue discovery in order to properly plead a cause of action for negligent misrepresentation pursuant to the Court's ruling which partially granted MNU's motion to dismiss.

6. **Evidence Preservation**

The parties do not foresee an issue regarding evidence preservation.

7. **Disclosures**

The parties will have made disclosures pursuant to FRCP 26 by the time of the case management conference.

8. **Discovery**

The parties have not yet begun discovery. The parties anticipate serving written discovery and taking depositions. The parties anticipate that discovery will be completed within 180 days and don't anticipate that a modification of discovery rules will be necessary.

9. **Class Actions**

This matter is not class action.

10. **Related Cases**

The parties are unaware of any related cases.

11. **Relief**

Stanford seeks full payment of charges for medical services it rendered to the patient. This amounts to $76,590.49. Stanford also seeks interest at 15% per annum under Cal. Health & Safety Code § 1371, or, in the alternative, at 10% per annum under Cal. Civ. Code § 3289.

12. **Settlement and ADR**

The parties have not begun settlement discussions, but have agreed to mediate this matter through the Court's mediation service. A date has not been set as a final operative pleading has not been filed.

### 13. Consent to Magistrate Judge For All Purposes

The parties do not consent to have a magistrate judge conduct all proceedings.

### 14. Other References

The parties agree that this matter is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties do not think that the issues need to be furthered narrowed in this matter.

### 16. Expedited Schedule

The parties do not believe that this case needs to be handled on an expedited schedule.

### 17. Scheduling

The parties would like to discuss scheduling of dates in this matter at the hearing due to the anticipation that each party will be filing motions in this matter,

beginning with Stanford seeking leave to file a First Amended Complaint.

18. **Trial**

The parties request a bench trial and estimate that the length of trial will be three days.

19. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiff asserts that it is unaware of any other interested parties other than the parties to this lawsuit.

20. **Other Matters**

The parties are not aware of any other matters to discuss with the court that have not already been mentioned in this joint statement.

Dated: 15 February 2008

| | |
|---|---|
| 1 | |
| 2 | STEPHENSON, ACQUISTO & COLMAN |
| 3 | |
| 4 | /s/ LEO LUEVANOS |
| 5 | |
| 6 | LEO LUEVANOS |
| 7 | Attorneys for<br>STANFORD HOSPITAL AND CLINICS, |
| 8 | a California non-profit public benefit corporation |
| 9 | |
| 10 | |
| 11 | RIMAC & MARTIN, PC |
| 12 | |
| 13 | /s/ |
| 14 | |
| 15 | Kevin Gill<br>Attorneys for |
| 16 | MULTINATIONAL UNDERWRITERS, LLC |